IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>HOPE MANOR, INC.,<br><br>        Defendant. | CIV- F-05-0670 AWI SMS<br><br>ORDER CLOSING THE CASE DUE TO PLAINTIFF'S VOLUNTARY DISMISSAL |

    On August 2, 2005, Plaintiff filed its notice of voluntary dismissal, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).

    In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).

No answer to Plaintiff's complaint and no motion for summary judgment has been filed in this case and it appears that no such answer or summary judgment motion has been served. Because Plaintiff has exercised its right to voluntarily dismiss its complaint under Rule 41(a)(1), this case has terminated as explained by *Wilson v. City of San Jose.* 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light of Plaintiff's Rule 41(a)(1) Voluntary Dismissal.

IT IS SO ORDERED.

**Dated:   August 5, 2005**              **/s/ Anthony W. Ishii**
0m8i78                                                   UNITED STATES DISTRICT JUDGE

2